IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARWELL CORPORATION, a Utah corporation; LARRY BLACKWELL, an individual; and KELLIE BLACKWELL LAND, an individual,<br><br>        Plaintiffs,<br><br>  v.<br><br>MARWELL CORPORATION, a California corporation f/k/a KPRA Corporation<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-205<br><br>Judge Robert J. Shelby |

This is a contract dispute. Plaintiffs Marwell Corporation (a Utah corporation), Larry Blackwell, and Kellie Blackwell Land allege that Defendant Marwell Corporation (a California corporation, formerly known as KPRA Corporation) breached the parties' Asset Purchase Agreement and Promissory Note. Defendant moves to dismiss, arguing the court lacks personal jurisdiction and that a binding forum-selection clause requires the court to dismiss the case under the forum non conveniens doctrine. In the alternative, Defendant moves for transfer under 28 U.S.C. §1404.

For the reasons stated below, the court concludes that the forum-selection clause contained in the parties' Security Agreement requires dismissal under the forum non conveniens doctrine.

**BACKGROUND**

Mr. Blackwell founded the original Marwell Corporation and served as its co-owner until May 2010, when two employees, Kathy Powell and Robert Ashford, purchased the company. Ms. Powell and Mr. Ashford formed KPRA Corporation for the purpose of effectuating the transaction. After the acquisition, KPRA changed its company's name to Marwell Corporation and incorporated in California. That company—the Californian Marwell Corporation, formerly known as KPRA—is the defendant in this case. Shortly before KPRA purchased the original Marwell Corporation, Mr. Blackwell established a new entity in Utah that is also named Marwell Corporation. The Utahn Marwell Corporation, Mr. Blackwell, and Ms. Blackwell Land are the plaintiffs in this case.

Plaintiffs and Defendant entered into an Asset Purchase Agreement on May 26, 2010, which obligated Defendant to purchase Plaintiffs' assets for $7,000,000 and to pay an additional $2,000,000 to Plaintiffs in consulting fees. On the same day the parties executed the Asset Purchase Agreement, they executed nine other agreements. Two of those agreements are the Promissory Note and the Security Agreement. The Asset Purchase Agreement, the Promissory Note, and the Security Agreement are the core purchase agreements. The Promissory Note and the Security Agreement were consideration for the purchased assets, and the two documents are referenced in and attached to the Asset Purchase Agreement.

In the Promissory Note, Defendant promised to pay Plaintiffs the $7,000,000 principal, plus interest. The note states that the $7,000,000 payment would be made in installments drawn from Defendant's available cash flow, as calculated by generally accepted accounting principles.

The Promissory Note also states that it is secured by the parties' Security Agreement. The Security Agreement in turn contains a number of provisions related to the Promissory Note:

- Article 3.1 gives Plaintiffs a security interest in all Defendant's "inventory, machinery, and equipment, wherever located (the 'Assets') whether now owned or hereafter acquired; " "[a]ll present and future accounts, instruments, contract rights, chattel paper, notes, and general intangibles arising out of the leasing, rental, or use of the Assets by [Defendant] or others;" and "[a]ll of the Assets of Debtor and the proceeds thereof;"

- Article 3.2 states that the Agreement secures Defendant's performance of several "obligations" under the parties' contracts, including performance of the "Promissory Note related to the Asset Purchase Agreement;"

- Article 7.1 states that a default would occur if Defendant failed to perform any of the defined obligations; and

- Article 7.2 establishes remedies in the event of a default, which include "all of the rights and remedies of a secured party under the California Uniform Commercial Code" and gives Plaintiffs the right to possess and dispose of the collateral.

The crucial provision for purposes of this motion is Article 9.3 of the Security Agreement:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California.  If any legal action is necessary to enforce the terms and conditions of this Agreement, the parties hereby agree that the Superior Court of California, County of San Bernardino, shall be the sole venue and jurisdiction for the bringing of such action.

Two noncompete agreements, which were also executed on May 26, 2010, contain similar forum-selection clauses.[1] The other agreements executed by the parties on the same day are silent about venue.

As pled by Plaintiffs in their Complaint, the underlying dispute here is over Defendant's performance of the Asset Purchase Agreement and the Promissory Note. Plaintiffs allege that Defendant breached those agreements by miscalculating available cash flow and therefore underpaying Plaintiffs; failing to make its books and records available for inspection; failing to cure defaults in the payments; and making shareholder distributions without Plaintiffs' consent. Plaintiffs bring claims for breach of the Asset Purchase Agreement and the Promissory Note, breach of implied covenant of good faith and fair dealing, breach of contract implied in fact, and unjust enrichment.

## ANALYSIS

### I. Forum-Selection Clause

When a federal court is faced with a valid forum-selection clause that points to a state forum, the court must evaluate whether the case should be dismissed under the forum non conveniens doctrine.[2] The threshold inquiry here is whether the forum-selection clause in the Security Agreement applies to this lawsuit. Plaintiffs allege that Defendant breached only the Asset Purchase Agreement and Promissory Note. Plaintiffs do not include in their Complaint a cause of action based on the Security Agreement, nor does the Complaint reference it. Therefore, Plaintiffs argue, the forum-selection clause in the Security Agreement is inapplicable because it is not contained in the contracts that form the bases for Plaintiffs' claims.

---

[1] The court concludes that the forum-selection clause in the Security Agreement applies. Therefore, the court does not reach the question whether the forum selection clauses in the noncompete agreements apply.

[2] *Atlantic Marine Construction Co. v. U.S. Dist. Court for Western District of Texas*, 134 S. Ct. 568, 575 (2013).

To determine whether the forum-selection clause applies, the court must first analyze the parties' contracts under Utah law.  This approach complies with the well-established principle that a federal court sitting in diversity must apply the choice-of-law rules of the forum in which it sits.[3]  For example, in *Innerlight, Inc. v. Matrix Group, LLC*,[4] the Utah Supreme Court applied Utah principles of contract interpretation to find that the contract at issue contained an enforceable forum-selection clause that pointed to Florida state court, along with an enforceable choice-of-law provision that selected Florida law.[5]  Although the present inquiry centers on forum selection, the provision at issue—as is often the case—contains both a forum-selection clause and a choice-of-law provision.  The court must begin the contract analysis with Utah law, rather than initially applying the law selected in the disputed choice-of-law provision.[6]

Utah law dictates that agreements that are "executed substantially contemporaneously and are clearly interrelated . . . must be construed as a whole and harmonized, if possible."[7]  Considering contemporaneous contracts together is a rule of construction designed to give effect to the intent of the parties, and "the provisions of one instrument are not thereby imported bodily into another."[8]  In other words, the court does not mechanically apply each individual provision to every other contemporaneous agreement.  Rather, the court looks to the interrelated agreements to determine the parties' intent.

The Security Agreement refers to itself as the "Agreement" and the forum-selection clause states that it applies to "this Agreement."  Plaintiffs argue that the plain language of the

---

[3] *Boyd Rosene & Associates, Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997).
[4] 214 P.3d 854 (Utah 2009).
[5] *Id.* at 857–58.
[6] *Cf. Leadville Corp. v. U.S. Fid. & Guar. Co.*, 55 F.3d 537, 539 (10th Cir. 1995) (holding that a federal court is to reach "the result that would have been reached if this litigation had been pursued in [a state] court").
[7] *Atlas Corp. v. Clovis Nat. Bank*, 737 P.2d 225, 229 (Utah 1987); *see also, e.g., Winegar v. Froerer Corp.*, 813 P.2d 104, 109 (Utah 1991); *HCA Health Servs. of Utah, Inc. v. St. Mark's Charities*, 846 P.2d 476, 484 (Utah Ct. App. 1993).
[8] *Sterling Colorado Agency, Inc. v. Sterling Ins. Co.*, 266 F.2d 472, 476 (10th Cir. 1959).

Security Agreement indicates that the forum-selection clause applies only to the Security Agreement. In essence, Plaintiffs urge the court to read the Security Agreement in isolation, constraining the analysis to the four corners of the contract without considering its relationship with the other related contracts.

However, the Asset Purchase Agreement, Promissory Note, and Security Agreement are so inextricably bound that they must be read and harmonized together. Reading the Security Agreement in isolation would do violence to the parties' intent as evidenced by the language contained in the interrelated contracts executed as part of a single transaction. The three agreements were executed on the same day as part of the same transaction, and each agreement references the other two. The Promissory Note and Security agreement are attached as exhibits to the Asset Purchase Agreement. Further, the Promissory Note and Security Agreement served as consideration for the assets that Defendant purchased pursuant to the Asset Purchase Agreement. The Asset Purchase Agreement formulates the transaction; the Promissory Note establishes payment methods and terms; the Security Agreement secures performance of the Promissory Note by creating collateral, defining default, and providing remedies in the event of a default.

Further, a breach of the Asset Purchase Agreement or Promissory Note, or both, necessarily implicates the Security Agreement, which provides remedies in the event of such a breach. It is not surprising that a forum-selection clause appears in the document that would come into play if litigation ensued over Defendant's alleged failure to perform under the Asset Purchase Agreement or Promissory Note. Plaintiffs argue that the Security Agreement should be read in isolation because it is not the exclusive means for recovering a remedy for breach of the Asset Purchase Agreement and Promissory Note. But the Security Agreement is a central part of

the negotiated transaction.  The Agreement served as consideration for the purchased assets, and it is interrelated to the other two purchase documents.  The three contracts together indicate that the parties contemplated that the Security Agreement would provide remedies in the event of a breach and would be germane in a lawsuit over an alleged breach of the other purchase agreements.  And although Plaintiffs may have the option to pursue other remedies not delineated in the Security Agreement, Plaintiffs have not disclaimed the remedies that the Security Agreement provides.

     The plain language of the forum-selection clause compels the same conclusions.  The clause states, in part, "If any legal action is necessary to enforce the terms and conditions of this Agreement [i.e., the Security Agreement], the parties hereby agree that the Superior Court of California, County of San Bernardino, shall be the sole venue and jurisdiction for the bringing of such action."  The three purchase agreements are interwoven— as Plaintiffs' counsel acknowledged in oral argument, there is no way to enforce the Security Agreement without first establishing a breach of one or both of the other purchase agreements.  A lawsuit determining liability for breach of the Asset Purchase Agreement and/or the Promissory Note is thus "necessary to enforce the terms and conditions of [the Security Agreement]."  The Security Agreement's forum-selection clause mandates that it applies to lawsuits involving the Asset Purchase Agreement and the Promissory Note, even though Plaintiffs excluded reference to it in their Complaint.

     At bottom, Plaintiffs cannot bring claims under the Asset Purchase Agreement and Promissory Note while ignoring the Security Agreement—a contemporaneous, interrelated agreement that is to be read and harmonized with the others, as one contract.  The forum-

selection clause in the Security Agreement applies to disputes arising out of the Asset Purchase Agreement and the Promissory Note.

## II. Forum Non Conveniens

The next question is whether the forum-selection clause compels dismissal under the forum non conveniens doctrine. The forum non conveniens doctrine's purpose "is to ensure that the trial is convenient."[9] Ordinarily, courts defer greatly to the plaintiff's choice of forum and engage in an analysis of public- and private-interest factors when determining whether to dismiss a case under the doctrine. But when an enforceable forum-selection clause applies, the analysis is adjusted in three ways: (1) the court may accord no weight to the plaintiff's chosen forum; (2) the court should not consider arguments about the parties' private interests; and (3) if venue is transferred, the original venue's choice of law rules will not apply.[10] Additionally, there is a strong presumption that the parties should litigate the matter in the forum they selected in their contract.[11]

In light of these adjustments, the court may consider only the forum non conveniens public-interest factors, which include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law.[12] These factors weigh in favor of dismissal in this case. The parties' transaction was centered in California and California law governs the dispute. There is a strong interest in having the state court apply its

---

[9] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981); *see also Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1172 (10th Cir. 2009).
[10] *See Atlantic Marine Const. Co. v. U.S. Dist. Court for Western District of Texas*, 134 S. Ct. 568, 581 (2013).
[11] *Id.* at 583 ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.").
[12] *Id.*

state's law to the disputes.  And there is no indication that court congestion will create any difficulties.

## CONCLUSION

The forum-selection clause in the Security Agreement applies to the Asset Purchase Agreement and the Promissory Note, and the forum non conveniens doctrine compels dismissal. The court GRANTS Defendant's Motion to Dismiss (Dkt. 6).  Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE to refile in the Superior Court of California, County of San Bernardino. The court directs the Clerk of Court to close the case.

SO ORDERED this 14th day of July, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge